812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. MCCLEAR, Plaintiff-Appellant,
v.
Patricia F. DONALDSON, David C. Anderson, Barry M. Grant,
and Sandra G. Silver, Defendants-Appellees.
 No. 86-1014.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1987.
 
 Before RYAN and BOGGS, Circuit Judges; and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs submitted by the parties, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed an action pursuant to 42 U.S.C. Sec. 1983 in which he alleged that appellees had acted to deprive him of various of his civil rights during the course of a conservatorship proceeding instituted by his brother on behalf of his elderly parents in the Probate Court of Oakland County, Michigan. The district court, however, determined that none of the four named defendants, now appellees, could be subjected to suit under that statute and therefore ordered the dismissal of appellant's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure. Appellant has since sought review of that order by this Court.
 
 
 3
 Review of the relevant authorities indicates that the district court did not err in concluding that each of the appellees could not be held liable in the context of an action pursuant to 42 U.S.C. Sec. 1983 for acts performed in the state conservatorship proceeding. First, appellee Grant, the judge who presided over that proceeding, was clearly working within the scope of his jurisdiction and is therefore protected by the operation of judicial immunity. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied, 106 S.Ct. 351 (1985). Additionally, appellee Donaldson cannot be held accountable pursuant to 42 U.S.C. Sec. 1983 as she was functioning solely as private counsel retained by appellant's brother to institute the conservatorship proceeding and as such was not acting under the color of state law. Cooper v. Wilson, 309 F.2d 153 (6th Cir.1962). Likewise, appellees Anderson's and Silver's actions in the state proceedings were done in fulfillment of their responsibilities as a court-appointed guardian ad litem and conservator respectively and therefore were not committed under the color of state law. Cf. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981); Malachowski v. City of Keene, 787 F.2d 704 (1st Cir.1986). As it is clear that none of the appellees could be subjected to suit pursuant to 42 U.S.C. Sec. 1983, the district court did not err in dismissing appellant's complaint.
 
 
 4
 It appears that the questions on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ORDERED that the final order of the district court entered November 29, 1985, be and hereby is affirmed.